# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 21-764V**

|  |  |
|---|---|
| MARIO GARCIA,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: August 4, 2023 |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Dorian Hurley, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On January 19, 2021, Mario Garcia filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges he suffered Guillain-Barré Syndrome ("GBS") and Bell's Palsy as a result of an influenza ("flu") vaccine administered to him on January 18, 2018. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On November 23, 2022, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On August 4, 2023, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $115,000.00 for pain and suffering and $88,728.86 for past lost wages. Proffer at 2. In the Proffer,

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $203,728.86 (representing $115,000.00 for pain and suffering and $88,728.86 for past lost wages) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | | |
|---|---|---|
| MARIO GARCIA, | ) | |
| | ) | |
| Petitioner, | ) | No. 21-764V |
| | ) | |
| v. | ) | Chief Special Master Corcoran |
| | ) | ECF |
| SECRETARY OF HEALTH | ) | |
| AND HUMAN SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On January 19, 2021, Mario Garcia ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that he suffered Guillain-Barré Syndrome ("GBS"), as defined in the Vaccine Injury Table, and Bell's Palsy following administration of an influenza vaccine he received on January 18, 2018.  Petition at 1.  On November 18, 2022, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a GBS Table injury,[1] and on November 23, 2022, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation.[2]  ECF No. 20; ECF No. 21.

---

[1] Respondent specifically denied that the flu vaccine caused-in-fact petitioner's Bell's Palsy and stated that the scope of damages to be awarded was limited to petitioner's GBS and its related sequelae only.  ECF No. 20 at 1 n.1, 7.

[2] The Ruling on Entitlement noted that petitioner elected to pursue compensation for his GBS claim alone.  ECF No. 21.

**I.**      **Items of Compensation**

      A.      <u>Pain and Suffering</u>

      Respondent proffers that petitioner should be awarded $115,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

      B.      <u>Lost Wages</u>

      Evidence supplied by petitioner documents that he incurred past lost wages related to his vaccine-related injury.  Respondent proffers that petitioner should be awarded past lost wages in the amount of $88,728.86.  *See* 42 U.S.C. § 300aa-15(a)(3)(A).  Petitioner agrees.

      These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

**II.**      **Form of the Award**

      Petitioner is a competent adult.  Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[3]:  a lump sum payment of $203,728.86, in the form of a check payable to petitioner.

**III.**      **Summary of Recommended Payments Following Judgment**

      Lump sum payable to petitioner, Mario Garcia:           **$203,728.86**

                Respectfully submitted,

                BRYAN M. BOYNTON
                Principal Deputy Assistant Attorney General

---

[3] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future, unreimbursed expenses, future lost earnings and future pain and suffering.

2

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

/s/ Dorian Hurley
DORIAN HURLEY
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel:  (202) 353-7751

DATED:  August 4, 2023

3